# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **WILLIAM T. HART** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6015 | **DATE** | OCT. 8, 2002 |
| **CASE TITLE** | LOUIS C. MALONE v. REGINALD HARDAWAY, ED ORTEGA, and ANN TAYLOR | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to proceed in forma pauperis [3] is granted. Pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's cause of action is dismissed. The Clerk of the Court is directed to enter judgment in favor of defendants Reginald Hardaway, Ed Ortega, and Ann Taylor and against plaintiff Louis Malone denying plaintiff's cause of action. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payment to the Clerk of the Court as stated herein. A copy of this order shall be sent to the trust fund officer at Cook County Jail. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

(11) ■ **[For further detail see attached Memorandum Opinion and Order.]**

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 9 2002 date docketed | |
| | Notified counsel by telephone. | | | 5 |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 OCT -9 PM 4:23 | 10/8/2002 date mailed notice | |
| cw | courtroom deputy's initials | FILED | mqm/cw | |
| | | Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOUIS C. MALONE, )
)
        Plaintiff, )
)
v. ) No. 02 C 6015
)
REGINALD HARDAWAY, ED ORTEGA, )
and ANN TAYLOR, )
)
        Defendants. )

DOCKETED
OCT 09 2002

## MEMORANDUM OPINION AND ORDER

    The court finds that plaintiff, Louis Malone, a detainee confined at Cook County Jail, is unable to prepay the filing fee. The court grants plaintiff's motion to proceed <u>in forma pauperis</u> and assesses an initial partial filing fee of $4.20 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where plaintiff is confined is directed to collect monthly payments from plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from

plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, IL 60604, attn: Fiscal Dept., and shall clearly identify plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff alleges that he was arrested for a parole violation. He claims he was picked up because he was living at his sister's house, as instructed by his parole officer, rather than living at his mother's house where he was originally assigned. Nevertheless, the parole board determined that plaintiff had violated the terms of his parole. After ten and one-half months of incarceration, plaintiff submitted a document stating that he had not violated the terms of his parole, and was then released, having been detained "in error" as plaintiff states. Named as defendants are the chairman of the Prison Review Board, a parole officer, and a parole supervisor.

Plaintiff claims these defendants failed to properly investigate his claim that he did not violate the terms of his parole. Plaintiff is now incarcerated, although he does not say whether it is related to this parole issue.

In Senger v. Jordan, 1989 WL 36225 (N.D. Ill. April 10, 1989), the plaintiff similarly alleged that his parole was revoked due to a negligent mistake on the part of the parole officers and the Prison Review Board. The court held that deprivation of a parolee's liberty through the negligent issuance of a parole violation warrant is not actionable in light of Daniels v. Williams, 474 U.S. 327 (1986), and Davidson v. Cannon, 474 U.S. 344 (1986). Senger, 1989 WL 36225 at *1. Overruling Parratt v. Taylor, 451 U.S. 527 (1981), these two cases held that the deprivation of life, liberty, or property through the negligent act of a state official does not violate the Due Process Clause.

Similarly, the present complaint contains no allegations from which the court reasonably could infer any deliberate misconduct on the part of the parole officer or his supervisor. Indeed, plaintiff himself claims that the mistake and negligence of the parole officer's investigation, and the Prison Review Board's failure to further investigate, caused his wrongful incarceration.

Finally, plaintiff sues the chairman of the Prison Review Board. Absolute immunity is accorded to government officials who perform acts "functionally comparable" to judicial acts. Butz v. Economou, 438 U.S. 478, 512 (19798); Wilson v. Kelkhoff, 86 F.3d 1438, 1443 (7th Cir. 1996). The Seventh Circuit has repeatedly held that "parole board members are absolutely immune from suit for their decision to grant, deny, or revoke parole." Walrath v. United States, 35 F.3d 277, 282 (7th Cir. 1994); Walker v. Prison Review Bd., 769 F.2d 396, 398 (7th Cir. 1985). In addition, the Seventh Circuit has held that parole board members are entitled to absolute immunity for their activities which are "inexorably connected with the execution of parole revocation procedures and are analogous to judicial action." Walrath, 35 F.3d at 281 (quoting Trotter v. Klincar, 748 F.2d 1177, 1182 (7th Cir. 1984)). "[N]ot only the actual decision to revoke parole, but also the activities that are part and parcel of the decision process" enjoy absolute immunity. Trotter, 748 F.2d at 1182; see Wilson, 86 F.3d at 1444. The Seventh Circuit has held that the parole board members' activities in conducting a preliminary revocation hearing were entitled to absolute immunity. Trotter, 748 F.2d at 1180-83. Thus, the Prison Review Board member's alleged decision made at plaintiff's preliminary revocation hearing, also invokes absolute immunity. See Walrath, 35 F.3d at

281. Therefore, plaintiff's damages claim against the Prison Review Board chairman must fail.

Accordingly, this lawsuit will be dismissed for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that plaintiff's motion to proceed in forma pauperis [3] is granted. Pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's cause of action is dismissed. The Clerk of the Court is directed to enter judgment in favor of defendants Reginald Hardaway, Ed Ortega, and Ann Taylor and against plaintiff Louis Malone denying plaintiff's cause of action. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payment to the Clerk of the Court as stated herein. A copy of this order shall be sent to the trust fund officer at Cook County Jail. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 8, 2002